**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Francisco GOMEZ–GUEVARA,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Alvaro Quintana–Ramirez, Defendant—
Appellant.**

**Nos. 06–30444, 06–30558.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2007.*

Filed July 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monte Stiles, Esq., Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Rob S. Lewis, Boise, ID, for Defendant–Appellant.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and POLLAK ***, Senior Judge.

## MEMORANDUM ****

Francisco Gomez–Guevara and Alvaro Quintana–Ramirez challenge the sufficiency of the evidence underlying their convictions for violating 21 U.S.C. §§ 841 and 846 following a jury trial. Because they failed to preserve their sufficiency of the evidence claims, we can reverse their convictions "only upon plain error or to pre-

*** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

vent manifest injustice." *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the defendants' convictions.

■ There was sufficient evidence from which a rational jury could have concluded that both Gomez and Quintana were guilty of the charged offenses. The government introduced the following evidence against Gomez: (1) drug enforcement agents testified that Gomez admitted in a post-arrest interview that he sold methamphetamine; (2) co-defendant Maria Vidriezca–Guzman testified that she fronted methamphetamine to Gomez because she knew he was a seller; and (3) Gomez discussed selling methamphetamine in recorded phone conversations with co-defendants. Viewing this evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that Gomez conspired to distribute as well as distributed and possessed with intent to distribute methamphetamine. *See Delgado*, 357 F.3d at 1068.

■ The government introduced the following evidence against Quintana: (1) Quintana owned the house where most of the methamphetamine and marijuana were kept; (2) Quintana owned a car driven to drug deals; (3) Quintana engaged in counter-surveillance at a drug deal; and (4) Vidriezca testified that Quintana assisted in distributing marijuana and methamphetamine and collecting money. Viewing this evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Quintana conspired to distribute marijuana and distributed methamphetamine. *See id.*

**AFFIRMED.**